UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL R. CARROLL                                     CIVIL ACTION

v.                                                     NO. 19-13512

GENESIS MARINE, LLC, ET AL.                            SECTION "F"

ORDER AND REASONS

Before the Court is Genesis Marine, LLC's objection to or motion seeking review of the magistrate judge's October 7, 2020 order insofar as it denied in part Genesis Marine, LLC's motion to compel. For the reasons that follow, the objection is OVERRULED and the motion seeking review of the magistrate judge's order is DENIED.

**Background**

This is a personal injury case.

Michael Carroll alleges that he was injured while working as a tankerman for Gulfstar Industries, LLC. On September 29, 2018, he was monitoring air pressure leaks on a barge (owned by Genesis Marine, LLC of Delaware) at the International-Matex Tank Terminals, LLC, St. Rose Dock in St. Charles Parish, Louisiana. The valves owned by International-Matex Tank Terminals, LLC were connected from the IMTT dock to the Genesis barge, through which the air pressure flowed.  As Carroll monitored the pressure, he

1

alleges, IMTT personnel released air through the IMTT valves but they failed to monitor the air flow and caused too much air to be released. And, it is alleged, the gauge that Carroll used to monitor the air pressure was defective and failed to indicate correct pressure readings. As he monitored the pressure, the barge became over-pressurized, the pressure relief valve failed to open, and the Genesis barge "ruptured due to shock waves," which allegedly injured Carroll, who was 40-50 feet from where the pressure was released.

On September 27, 2019, Michael Carroll sued Genesis Marine, LLC of Delaware and International Matex-Tank Terminals, LLC, seeking to recover for the medical treatment he has needed since the shock waves caused his ears to ring, frequent headaches, indigestion, blurred vision, nausea, and other injuries, including emotional ones. Genesis Marine removed the case, invoking this Court's diversity jurisdiction. On January 17, 2020, Genesis issued interrogatories to Mr. Carroll followed three days later by Requests for Production. Mr. Carroll provided answers, responses, and objections on July 16, 2020.

In his deposition on June 25, 2020, counsel for Genesis asked Mr. Carroll "In your entire lifetime, ... have you ever been arrested in addition to the arrest in Cleveland, Texas, for any other reason whatsoever?" Mr. Carroll's attorney objected to the question and requested that questions about arrests be limited to

2

felony convictions in the last 10 years concerning fraud or dishonesty. So limited, Mr. Carroll responded that he has never been convicted of a felony nor has he been arrested other than the arrest in Cleveland, Texas.

On September 18, 2020, Genesis filed a motion to compel. On October 7, 2020, Magistrate Judge Douglas heard argument on the motion after which she granted in part and denied in part the motion to compel. Magistrate Judge Douglas granted Genesis' motion insofar as Mr. Carroll had waived his objections to answers and responses to written discovery. Magistrate Judge Douglas denied Genesis' request that Mr. Carroll be compelled to answer deposition questions about arrests in his lifetime, finding:

> The motion is DENIED as to plaintiff's refusal to answer deposition questions concerning any arrests during his lifetime. Plaintiff has already testified that he was arrested once between the subject accident and the time he was committed and has never been convicted of a felony which the Court deems sufficient pursuant to Federal Rule of Civil Procedure 26(b)(1) and further reasoning stated on the record.

Genesis now objects to Magistrate Douglas's order insofar as it denied in part of Genesis' motion to compel an answer related to Mr. Carroll's lifetime of prior arrests.

I.

*A.*

Federal Rule of Civil Procedure 72(a) allows a party to appeal to the district judge the ruling of a magistrate judge. Magistrate judges are given broad discretion when resolving non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Upon objection to an order concerning a non-dispositive motion, the district court will overrule the magistrate judge's order only if it is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A ruling is "clearly erroneous" when the district court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

*B.*

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The discoverable information does not need to be admissible as evidence. Fed. R. Civ. Proc. 26(b)(1). In assessing proportionality, the following factors should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

## II.

Genesis sought to compel Mr. Carroll to answer the broad question of "In your entire lifetime, ... have you ever been arrested in addition to the arrest in Cleveland, Texas, for any other reason whatsoever?"  Magistrate Judge Douglas denied Genesis' motion seeking to compel an answer to this question, finding that Carroll had "already testified that he was arrested once between the subject accident and the time he was committed and has never been convicted of a felony which the Court deems sufficient pursuant to Federal Rule of Civil Procedure 26(b)(1) and further reasoning stated on the record."

Genesis fails to persuade the Court that Magistrate Judge Douglas's ruling is "clearly erroneous"; the Court is not "left with the definite and firm conviction that a mistake has been committed." Stevens, 487 F.3d at 240 (quoting U.S. Gypsum Co., 333 U.S. at 395).  To the contrary, Genesis fails to show how Mr. Carroll's lifetime arrest history (any arrests that did not result in convictions) is relevant to any party's claim or defense or proportional to the needs of this case. Genesis simply speculates that a hypothetical arrest involving tackling may have been

5

traumatic and potentially could have caused Carroll to suffer from psychiatric issues and PTSD prior to the accident forming the basis of this personal injury case. The Court need not indulge such speculation where, as here, Carroll has testified that he was arrested once between the subject incident and the time he was committed, he has never been convicted of a felony, he was committed to a state hospital after his mental health deteriorated following the subject incident, and that, before the incident giving rise to this litigation, he was never treated or counseled for depression, anxiety, or alcohol or illegal drug use. Counsel for Genesis' singular focus on *arrests* prior to the incident giving rise to this litigation is misplaced and dispositive of its motion seeking to have this Court reverse the magistrate judge's order.[1]

***

Genesis fails to persuade the Court that the magistrate judge erred in finding that the answer Genesis seeks to compel pertaining broadly to Mr. Carroll's lifetime arrest history is not relevant to either parties' claim or defense nor proportional to the needs of the case. Accordingly, IT IS ORDERED: that Genesis' objection,

---

[1] As counsel for Genesis put it during oral argument: "Let's say, for example, he was arrested and tackled, and it was traumatic. The arrest may not be admissible, but the traumatic event regarding his psychological damages would be." Notably, according to counsel for Carroll, counsel for Genesis did not ask Carroll during his deposition whether he ever suffered emotional or psychiatric trauma due to any incidents such as arrests prior to the subject incident, a question which Carroll suggests might be appropriate.

construed as a motion to review or to appeal the magistrate judge's order is DENIED; the magistrate judge's order denying in part the motion to compel is hereby AFFIRMED and the objection is OVERRULED.

New Orleans, Louisiana, December 9, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE