UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


MICHAEL R. CARROLL                                    CIVIL ACTION

v.                                                    NO. 19-13512

GENESIS MARINE, LLC, ET AL.                           SECTION "F"


ORDER AND REASONS

Before the Court is Genesis Marine, LLC of Delaware's motion to strike.  For the reasons that follow, the motion is DENIED.

**Background**

This personal injury lawsuit arises out of a rupture on a barge.  A tankerman claims that he has experienced dizziness, nausea, headaches, and other symptoms after an air over-pressurization blowout on a barge next to the one on which he was working, monitoring air pressure gauges during a blowback procedure being performed on adjoining barges moored at a dock. At the time of the blowout, the tankerman heard a loud noise, saw air shoot vertically up from the adjoining barge, and felt a pressure change, but otherwise was not directly or contemporaneously physically impacted by the blowout.  Carroll claims that he has

1

suffered severe distress since the incident, rendering him emotionally disabled from returning to work as a tankerman.

Among his many visits to medical care providers since the blowout, on October 31, 2018, complaining of head pain, nausea, and blurred vision, Carroll visited a neurologist, Troy Beaucoudroy, M.D., who noted that Carroll "note[d] a percussion type blast as well as an intense loud noise that sounded like 'a shotgun going off in my ear.'"  Dr. Beaucoudroy also noted "tenderness to palpation and spasm in his cervical spine area." Dr. Beaucoudroy opined that Carroll likely sustained a concussion due to the blast and had ongoing post-concussion symptoms and that he developed PTSD, severe anxiety related to the work-related injury.  Dr. Beaucoudroy noted that Carroll is not coping well and recommend that he undergo psychiatric evaluation; it was recommended that he not return to work. Dr. Beaucoudroy diagnosed: post-concussion syndrome; post-traumatic headache; post-traumatic stress disorder; anxiety disorder; and cervicalgia.

Since that visit, Carroll has treated with Dr. Beaucoudray on other occasions; on November 14, 2018, it was noted that he had ongoing symptoms of headaches, nausea, anxiety, forgetfulness, irritability, poor appetite, and neck pain, intermittent blurry

vision, and tinnitus accompanying headaches.  He had lost 30 lbs. since the incident.

In addition to Dr. Beaucoudroy, Carroll has visited other healthcare providers to treat his post-incident symptoms.  On November 1, 2018, Carroll underwent a neurologic exam by Dr. Melcher, who opined that Carroll's neurologic examination was "presently normal."  On Dr. Beaucoudray's referral, Carroll sought psychiatric treatment at Pine Belt Mental Healthcare Resources. Before visiting Pine Belt, Carroll had no history of any psychiatric hospitalizations or outpatient counseling.  Pine Belt's "clinical interpretation" was that Carroll "is suffering from Adjustment Disorder with mixed disturbance of emotions and conduct."  Individual therapy and medical services were recommended, and he was prescribed medication.

On March 18, 2019, Carroll was seen for a fainting episode at Christus Lake Area Hospital.  Eleven days later, he was involuntarily committed into South Mississippi State Hospital until he was discharged on April 11, 2019.  While committed for two weeks, Carroll participated in individual, group, and mileu therapy; and some medications were administered.  After his

release, Carroll continued to follow up with Dr. Beaucoudray and mental health professionals at Pine Belt.

On September 27, 2019, Michael Carroll sued Genesis Marine, LLC of Delaware and International Matex-Tank Terminals, LLC in state court, seeking to recover for lost wages and for the medical treatment he has needed since the shock waves caused his ears to ring, frequent headaches, indigestion, blurred vision, nausea, and other injuries, including emotional ones.  He claims to be emotionally disabled from returning to work as a tankerman.  Genesis Marine removed the case, invoking this Court's diversity jurisdiction.

This Order and Reasons assumes familiarity with prior proceedings.  On May 5, 2021, the Court denied three motions by Genesis Marine, LLC: first, the Court denied the motion seeking review of the magistrate judge's order permitting the plaintiff to recover attorney's fees in connection with a successful motion to compel discovery; second, the Court denied the motion seeking review of the magistrate judge's order denying its motion to compel Carroll to travel to Denver, Colorado to submit to an independent medical exam; and, third, because the parties genuinely dispute Carroll's proximity to the blowout, the Court denied Genesis Marine's motion seeking summary judgment that Carroll was not in the zone of danger.  On May 4, 2021, the Court conducted a pretrial

conference and approved of the pretrial order.  A three-day bench trial is scheduled for May 24, 2021.

Genesis Marine now moves to strike all of Carroll's treating physicians, nurse practitioners, or counselors for Carroll's alleged failure to comply with Rule 26 disclosure requirements; alternatively, Genesis Marine moves to exclude any opinion testimony as to causation by any of the plaintiff's treating physicians or medical practitioners.

## I.

Rule 26 of the Federal Rules of Civil Procedure sets forth general provisions governing discovery.  It imposes distinct requirements upon proponents of expert testimony depending on whether the expert is retained specifically for litigation, or not.[1] For those experts retained for litigation, Rule 26(a)(2)(A), (B) obliges a party to disclose a written report. By contrast, for those expert witnesses not retained for litigation, Rule 26(a)(2)(C) dispenses with a written report requirement in favor of a more limited disclosure in which the proponent must disclose a summary of the facts and opinions pertaining to the subject matter on which the witness will present expert testimony. Subsection (C) thus governs "the disclosure of expert witnesses

---

[1] There is no disclosure requirement for witnesses whose testimony is limited to facts and lay opinions.

who were involved in the events leading up to litigation and may testify as both an expert and as a fact witness."[2] As the advisory committee notes accompanying the 2010 amendments to Rule 26(a)(2)(C) indicate, "physicians or other health care professionals and employees of a party who do not regularly provide expert testimony" are "[f]requent examples" of witnesses who may offer expert testimony without providing a report. Whether provision of medical records satisfies Rule 26(a)(2)(C)'s summary disclosure requirement is at the heart of the present motion. Because it appears undisputed that the plaintiff's medical providers may testify as fact witnesses, and the scope of any expert testimony is inadequately briefed, the motion must be denied pending briefing addressing the implication of this case being tried before the Court on the scope of any expert opinion offered by any healthcare provider.

"If a party fails to provide information or identify a witness as required by Rule 26(a)[,] the party is not allowed to use that information or witness ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to strike the testimony, as Genesis Marine

---

[2] See LaShip, L.L.C. v. Hayward Baker, Incorporated, 680 Fed.Appx. 317 (5th Cir. 2017) (unpublished, per curiam)(district court did not abuse its discretion in finding that the opinion of one party's witness "was prepared specifically for litigation and did not equate to the ground-level opinion of an expert who was involved in the events leading up to litigation.").

urges is appropriate here, four factors are considered: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.  See Bezel v. State Farm Lloyds, 480 F.3d 704, 707 (5th Cir. 2007).

## II.

Genesis Marine moves to strike all of Carroll's many treating medical providers for failure to comply with Rule 26 because none were specifically designated as experts, nor were summary disclosures provided.  Carroll counters that he identified each of the medical providers in his Rule 26 disclosures, that he timely produced the medical records for these providers such that the defendant has had the records for nearly one year, and he identified these providers as witnesses in the witness list filed in response to the scheduling order.  In other words, Carroll submits that Genesis Marine has known about Carroll's treating physicians and has had access to their records for nearly one year so it will suffer no prejudice if they testify at trial and offer their expert opinions relative to their own treatment of Carroll. Carroll argues that the failure to provide the summaries required by Rule 26(a)(2)(C) for healthcare providers was harmless and thus

exclusion is not warranted.  On this scant record and briefing, the Court agrees.[3]

On the one hand, other Sections of Court and district courts in this Circuit have observed or approved of the observation, consistent with the text of Rule 26, that "disclosures consisting of medical records alone are insufficient to satisfy the [expert] disclosure standard of Rule 26(a)(2)(C)."  See Hooks v. Housing Sys., LLC, No. 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016)(Barbier, J.); Causey v. State Farm Mut. Automobile Ins. Co., No. 16-9660, 2018 WL 2234749, at * (E.D. La. May 16, 2018)(Africk, J.); Williams v. State, No. 14-154, 2015 WL 5438596, at *3-4 (M.D. La. Sep. 14, 2015)(Jackson, C.J.).  On the other hand, given the nature of treating physician testimony, courts rarely find prejudice when a party clearly and timely identifies the designated treating physician it plans to use as an expert and does so well before trial.  See Smith v. Tangipahoa Parish Sch. Bd., No. 18-6635, 2019 WL 3081954, at *2 (E.D. La. July 15, 2019).  Where, as here, Carroll submits that he timely disclosed each of his medical providers and their records, striking all of them would be a draconian sanction not supported by Genesis Marine's motion or the

---

[3] Genesis Marine seeks to globally strike all medical providers. The Court has no information concerning which medical providers, if any, have been deposed or whether each is expected to offer expert testimony in addition to fact testimony concerning treatment.  The implication that this case will be tried to the Court as opposed to a jury has not been briefed by either side.

record.   Treating  health  care  professionals  are  not  retained
experts  and,  thus,  may  generally  be  called  to  testify  at  trial
without  prior  submission  of  a  written  report  so  long  as  the
testimony  is  limited  to  information  learned  during  actual
treatment  of  the  plaintiff.   See,  e.g.,  Doe v. Ortho-LA Holdings,
LLC,  No. 17-8948, 2018 WL 4613946, at *4 (E.D. La. Sep. 25, 2018);
Hernandez v. Green,  No. 14-2168, 2017 WL 78472, at *4 (E.D. La.
Jan. 9, 2017); see also In re Taxotere Prod. Liab. Litig., MDL No.
16-2740,  2021  WL  111772  (E.D.  La.  Jan.  12,  2021)(treating
physicians  are  treated  as  fact  witnesses  and  need  not  produce  a
summary  disclosure  if  opinion  testimony  is  limited  to  that  formed
during  the  course  of  treatment).

    Determining  *that*  the  plaintiff's  disclosed  treating  medical
providers  may  testify  at  trial  does  not  quite  resolve  the  parties'
true  dispute,  however.   There  is  no  dispute  that  treating  medical
providers  may  testify  about  facts  within  their  personal  knowledge
concerning  the  plaintiff's  symptoms  and  treatment.   Properly
framed,  the  parties'  quarrel  focuses  on  the  scope  of  the
anticipated  expert  portion  of  the  treating  medical  providers'
testimony.   Absent  briefing  directed  to  this  issue  and  the  separate
issue  of  whether  any  of  the  treating  provider's  anticipated  expert
testimony  withstands  Daubert  scrutiny,  the  Court  cannot  resolve
the  parties'  dispute.   The  Court  declines  to  offer  an  advisory
opinion.

Testimony concerning causation and future medical treatment is generally considered the province of expert testimony subject to at least summary disclosure requirements.[4]  Nevertheless, the Court has broad discretion to admit expert testimony and no supported Daubert motion is presently before it.  On this briefing, the Court is left to speculate as to whether Genesis Marine is challenging the facts underlying the anticipated expert testimony.[5]  If Genesis Marine is challenging the reliability of the data or factual predicate for any expert opinion, this goes to the weight of the evidence (not its admissibility) and is subject to cross-examination.  See Tyler v. Union Oil Co. of Calif., 304 F.3d 379, 393 (5th Cir. 2002).  Mindful that this case will be tried to the Court and not a jury, the Court has the discretion and capacity to apply the Federal Rules of Evidence and to determine whether proffered expert testimony is relevant, reliable, admissible, helpful, and what if any weight it should receive.  Counsel seems

---

[4] Causation testimony generally crosses over into expert testimony subject to the disclosure requirements of Rule 26(a)(2)(B).  In re Taxotere Prod. Liab. Litig., MDL No. 16-2740, 2021 WL 111772 (E.D. La. Jan. 12, 2021); Warren v. Mallory, No. 18-11613, 2020 WL 4260448 (E.D. La. July 21, 2020); Musser v. Gentiva Health Servs., 346 F.3d 751, 757 n.2 (7th Cir. 2004)(testimony that "consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party to litigation," is generally that of an expert subject to disclosure requirements).

[5] There is no indication that the treating physicians or medical care providers will base their testimony on information gleaned outside the course of Carroll's treatment.

to overlook the Court's discretion and experience here.  To be sure, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 509 U.S. 579, 596 (1993).

Insofar as causation opinion testimony will be elicited from the plaintiff's medical treatment providers, the Court reserves ruling on the admissibility of such testimony.  This case is set for a bench trial and the Court has discretion to admit technical evidence and is entrusted not to give it more weight than it deserves.  The defendants may object and vigorously cross-examine witnesses offering such evidence.  They may also move to exclude such evidence as irrelevant or unreliable.  Those issues are not adequately briefed and thus the Court does not consider them on the present motion.  Only when the proffered testimony is offered, or papers directed to the issue are filed, may the Court meaningfully determine whether anticipated testimony is based on information the physician or provider learns outside the course of treatment.

Accordingly, IT IS ORDERED: that Genesis Marine's motion to strike is DENIED.

New Orleans, Louisiana, May 12, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE